UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>    Plaintiff(s),<br><br>v.<br><br>MELISSA JAMES, ET AL.,<br><br>    Defendant(s).<br>_____/ | No. C-14-04242 DMR<br><br>**ORDER GRANTING MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM [DOCKET NO. 18]** |

In this action in interpleader, Defendants John A. James II ("John James") and Coleman C. James move pursuant to Federal Rule of Civil Procedure 17 for an order appointing John James as guardian ad litem for Defendant C.W.J., a minor. [Docket No. 18.] Defendant Melissa James opposes the motion. [Docket No. 25.] The court determined that this matter is appropriate for adjudication without oral argument pursuant to Civil Local Rule 7-1(b). [Docket No. 30.] For the following reasons, the court hereby GRANTS the motion, and appoints John James as the guardian ad litem for Defendant C.W.J.

## I. Background

Plaintiff American General Life Insurance Company ("AGLIC") issued John A. James ("the decedent") a life insurance policy in 2008. Defendant Melissa James, the decedent's wife, was the primary beneficiary. (Compl. ¶¶ 8-11.)

In July 2012, the decedent filed a petition for dissolution of marriage. (M. James Decl., Oct. 23, 2014, ¶ 1.) In January 2013, the decedent reduced his policy benefits to $500,000 from $1,000,000. (Compl. ¶¶ 11, 12.) In July 2013, the decedent's insurance agent advised AGLIC that he and the decedent were working on a change in beneficiary. (Compl. ¶ 13.) Upon information and belief, the decedent never returned a fully-executed change in beneficiary form to the agent, nor did AGLIC ever receive a change in beneficiary form prior to the decedent's death on July 4, 2014. (Compl. ¶¶ 14-18.) Following the decedent's death, Melissa James submitted a claim for the insurance proceeds. At some point after AGLIC's receipt of Melissa James's claim, AGLIC received a letter from an attorney regarding John James's claim for the life insurance benefits, along with a change in beneficiary form dated July 11, 2013, listing as beneficiaries the decedent's three sons John James, Coleman James, and C.W.J. (Compl. ¶¶ 21-23.)

Both John James and Melissa James claim entitlement to the life insurance proceeds. (Compl. ¶¶ 28, 29.) On September 16, 2014, AGLIC paid to Melissa James her "verifiable community property share" of the decedent's life insurance benefit, plus interest, in the sum of $166,675.00. (Compl. ¶ 25.) AGLIC alleges that this sum is based on "four of six years the policy existed where community property funds were used to pay the premiums." (Compl. ¶ 25.)

AGLIC filed its complaint for interpleader relief pursuant to Federal Rule of Civil Procedure 22 on September 19, 2014, naming as defendants Melissa James, John James, Coleman James, and C.W.J. AGLIC seeks a determination of the rights of the Defendants to the remaining death benefits of $333,325.00, plus interest. Defendants John James and Coleman James now ask the court to appoint John James as guardian ad litem for C.W.J. on the grounds that John James will act in C.W.J.'s best interests in this matter. Melissa James opposes the motion.

## II. Legal Standard

Federal Rule of Civil Procedure 17 provides that "[t]he court must appoint a guardian ad litem–or issue another appropriate order–to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). An individual's "[c]apacity to sue or be sued" is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1). Under California law, "a minor who is a party in a lawsuit must appear by a guardian ad litem appointed by the court

in which the action or proceeding is pending." *Williams v. Superior Court*, 147 Cal. App. 4th 36, 46 (2007) (citation and quotation marks omitted). "The purpose of a guardian ad litem is to protect the minor's interests in the litigation." *Williams*, 147 Cal. App. 4th at 47. An individual under the age of eighteen is a minor. Cal. Fam. Code § 6502(a)(2).

In making the determination concerning the appointment of a particular guardian ad litem, the court shall consider whether the minor and the guardian have divergent interests. Cal. Civ. Proc. § 372(b)(1). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams*, 147 Cal. App. 4th at 49. "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Id.*

### III. Discussion

John James and Coleman James (the "moving Defendants") ask the court to appoint John James as guardian ad litem for C.W.J., a minor, on the grounds that his interests in the life insurance policy cannot be represented without such an appointment. They argue that John James's and C.W.J.'s interests are in concert as the decedent identified both as equal beneficiaries (with Coleman James) of the policy in his July 11, 2013 change in beneficiary form. In addition, John James, who is C.W.J.'s eldest brother, was nominated as the trustee under the change in beneficiary form regarding any funds to be paid to C.W.J. while he is a minor. (Compl. Ex. F.) According to the moving Defendants, Melissa James's attorneys have indicated that they are representing both Melissa James and C.W.J., and have made representations about service of process on C.W.J.'s behalf. (Chavez Decl., Oct. 9, 2014, ¶ 5, Ex. C.) The moving Defendants argue that Melissa James should be disqualified from representing C.W.J.'s interests in any capacity in this litigation, given the conflict based on the parties' competing claims to the insurance proceeds. They assert that John James does not have any conflict of interest with C.W.J.'s rights under the policy. In the alternative, the moving Defendants ask the court to appoint Sandy James, their paternal grandmother and a resident of Arkansas, as guardian ad litem for C.W.J.

3

1    Melissa James, who is the mother of John James, Coleman James, and C.W.J., opposes the
2    motion on several grounds.  First, she asserts that the motion is a waste of resources as C.W.J. will
3    turn 18 on December 10, 2014.  Therefore, she asks for a continuance of 30 to 60 days for
4    Defendants to answer the complaint, which will obviate the need for a guardian ad litem.  She also
5    argues that should the court deem it necessary to appoint a guardian ad litem, she should be
6    appointed until C.W.J. turns 18, as she is in the best position to look after his best interests.  Melissa
7    James does not directly refute the moving Defendants' assertion that there is a conflict of interest
8    between her and her sons, stating that she is "looking out for their best interests."  (Opp'n 3.)
9    Instead, she instead makes a number of inadmissible statements about Sandy James's motives,
10   whom she claims is funding and directing this litigation, her sons' thoughts and capabilities
11   regarding the litigation, and the decedent's wishes.  She also asserts that she "does not agree that
12   these three young men should in any way control the proceeds of [the decedent's] life insurance."
13   (Opp'n 3.)

14   The court finds that the record in this matter raises substantial questions regarding the
15   parties' legal entitlement to the proceeds.  There is a  conflict of interest between Melissa James and
16   her sons, given that they are each claimants of the decedent's life insurance proceeds, and
17   particularly because Ms. James has made clear her belief the her sons should not "in any way
18   control" the life insurance proceeds.  If there is a determination that the decedent executed a valid
19   change of beneficiary form in July 2013, each of the decedent's sons could be entitled to share the
20   life insurance proceeds, which would necessarily extinguish at least part of Melissa James's claim.
21   Melissa James does not acknowledge this.  Instead, she appears to take the position that her parental
22   status settles this matter in her favor, not only as to C.W.J., but as her two other sons.  C.W.J. is
23   entitled to have his interests represented through a non-conflicting guardian and non-conflicting
24   counsel.  *See Williams*, 147 Cal. App. 4th at 49 ("if the parent has an actual or potential conflict of
25   interest with his child, the parent has no right to control or influence the child's litigation.").

26   Regarding the timing of this motion, the court acknowledges C.W.J.'s impending 18th
27   birthday.  However, as it appears that Melissa James has already taken some actions on C.W.J.'s
28   behalf in this litigation (*see* Chavez Decl., Ex. C), the court finds it appropriate to appoint a guardian

ad litem at this time, given the possibility that his guardian ad litem may find it necessary to challenge any actions taken on his behalf to date. Further, the moving Defendants attach declarations to their reply in which John James states that he is willing and prepared to serve as guardian ad litem for C.W.J., and that he believes that he can effectively serve as guardian for this purpose until C.W.J. obtains independent counsel. (John James Decl., Oct. 30, 2014 ¶ 5.) The court is satisfied that John James would adequately serve as C.W.J.'s guardian ad litem until such appointment is no longer necessary.

### IV. Conclusion

For the foregoing reasons, the court grants the motion to appoint a guardian ad litem for Defendant C.W.J. Defendant John James is appointed C.W.J.'s guardian ad litem until C.W.J. moves to vacate the appointment.

IT IS SO ORDERED.

Dated: November 13, 2014



DONNA M. RYU
United States Magistrate Judge

5